```
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------------------------x
```

N.L.,

                    Plaintiff,

    v.

NATIONAL BOARD OF MEDICAL EXAMINERS,

                    Defendant.

Case No.: 3:18-cv-455

JURY DEMAND

March 16, 2018

```
-----------------------------------------------------------------------------x
```

## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO PROCEED UNDER PSEUDONYM

Plaintiff N.L. (hereinafter "Plaintiff" or "N.L.") respectfully submits this Memorandum of Law in support of his motion to proceed under pseudonym.

### Legal Argument

The Second Circuit has long held that it is within a district court's discretion to determine whether a party to a civil complaint should be permitted to proceed under pseudonym. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 189–90 (2d Cir. 2008). In Sealed Plaintiff v. Sealed Defendant, the court endorsed a "non-exhaustive" list of factors that district courts should consider:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly

>vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*3 *Id.* at 190 (internal quotation marks and citations omitted) (alterations in original).  See also J.C. v. Rowan University School of Osteopathic Medicine, *et al.*, Civ. No. 17-2778-RBK-KMW (D.N.J. Oct. 3, 2017).

Plaintiff has gone to great lengths to keep the existence of his mental disabilities private. Plaintiff was first diagnosed with his disabilities twenty years ago and has taken great care to disclose this highly sensitive and personal information to very few close friends and family members, and entities that are bound by confidentiality (i.e., Defendants, educational institutions, the United States Department of Justice, legal counsel, and medical professionals).

Plaintiff's has good reason to believe that his future employers will perform a detailed background search prior to employment.  If Plaintiff were forced to proceed with his full name, Plaintiff would be deprived of his right to keep the existence of his disabilities confidential from future employers.  Additionally, even if, as an alternative, Plaintiff's medical records were sealed, given the causes of action alleged Plaintiff would still be publicly identified as an individual with disabilities.  It is clear that there are no alternative mechanisms for protecting Plaintiff's privacy.  Plaintiff has experienced increased anxiety since enforcing his civil rights by

filing this complaint against Defendants, a private institution, because he fears that he will be subject to severe discrimination, immediate and future, if his full name is revealed.[1]

There is a substantial public interest in maintaining the confidentiality of Plaintiff's identity. There is no legal requirement that individuals with disabilities disclose their disabilities to their employers and there is no requirement that disclosure be made to post-secondary academic institutions before an offer of admission is made. In fact, the law states that employers and schools are prohibited from forcing individuals with disabilities to answer to disclose their disability status.

The ADA was amended by the United States Congress in 2008.  The statute, 42 U.S.C.A. § 12101 (a)(1) – (8), explicitly states that Congress found that individuals with disabilities continue to be discriminated against in all areas of life, including, but not limited to, education and employment.  The ADA created a "national mandate for the elimination of discrimination of individuals with disabilities" and this cannot be accomplished if individuals such as Plaintiff are forced to sacrifice future employment and academic opportunities.   Indeed, denying Plaintiff N.L. the ability to proceed as a pseudonym will have a chilling effect on future cases to come. There is even a high probability that Plaintiff might not pursue his claim due to the stigmatization that may result in his community and to his professional career.

---

[1] Plaintiff's fears are quite reasonable, as it is well-known that stigma surrounding mental disabilities is pronounced in medicine.  See, for example, **"**Breaking the Stigma — A Physician's Perspective on Self-Care and Recovery**,"** Hill, A., *N Engl J Med* 2017; 376:1103-1105, http://www.nejm.org/doi/full/10.1056/NEJMp1615974; "Mental illness-related stigma in healthcare**,"** Knaak, S., Mantler, E., and Szeto, A., *Healthcare Management Forum*, 2017 Mar; 30(2): 111–116**,** Published on-line, doi: 10.1177/0840470416679413; "Why doctors are leery about seeking mental health care for themselves," Morris, N., *Washington Post* January 7, 2017.; https://www.washingtonpost.com/national/health-science/why-doctors-are-leery-about-seeking-mental-health-care-for-themselves/2017/01/06/b19bc4ba-ad02-11e6-a31b-4b6397e625d0_story.html?utm_term=.d9c427e6902b; "Mental health and stigma in the medical profession" (2017) Wallace, Jean E. http://journals.sagepub.com/doi/abs/10.1177/1363459310371080?journalCode=heaa; "Fear of stigma or sanction keeps many doctors from revealing mental health issues, study finds," (2016). Gold, K., Goldman, E., Schwenk, T., Andrew, L. http://ihpi.umich.edu/news/fear-stigma-or-sanction-keeps-many-doctors-revealing-mental-health-issues-study-finds

Permitting Plaintiff to proceed under a pseudonym will not interfere with the public's right to follow the proceedings or Defendant's right to defend itself. Plaintiff does not wish to seal the entire case proceedings; he only wishes to conceal his identity by proceeding under a pseudonym.  All filings will be otherwise available to the public and will therefore not infringe upon the public's right to follow these proceedings.

## Conclusion

Any factors militating against the use of a pseudonym are very weak when compared to the factors supporting Plaintiff's request.  For the foregoing reasons, Plaintiff respectfully requests that his motion to proceed under pseudonym be granted by the Court.


March 16, 2018				Respectfully Submitted,



				_____/s/_____
				Nancy B. Alisberg
				CT 21321
				Disability Rights Connecticut, Inc.
				846 Wethersfield Avenue
				Hartford, CT 06114
				Tel: 860.990.0175
				Fax: 860-296-0055
				nancy.alisberg@disabilityrightsct.org