UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| N.L.,<br><br>          Plaintiff,<br><br>    v.<br><br>NATIONAL BOARD OF MEDICAL<br>EXAMINERS,<br><br>          Defendant. | Case No.: 3:18-cv-00455-AWT |

## ANSWER

Defendant National Board of Medical Examiners ("NBME"), by and through its attorneys, hereby answers Plaintiff's Complaint.  NBME denies that it violated any law with respect to Plaintiff's request for testing accommodations on the United States Medical Licensing Examination ("USMLE"), denies that it discriminated against Plaintiff, and responds to the specific allegations in the correspondingly numbered paragraphs of the Complaint as follows:

### <u>INTRODUCTION</u>

1.       NBME admits that Plaintiff purports to bring an action for injunctive and declaratory relief against NBME, but denies that Plaintiff is entitled to any relief and denies the remaining allegations in paragraph 1.

2.       NBME admits the allegations in the first sentence of paragraph 2.  NBME denies the remaining allegations in paragraph 2.

3.       NBME denies the allegations in paragraph 3.

4.     In response to the allegations in the first sentence of paragraph 4, NBME admits that Plaintiff has submitted documentation to NBME in support of his requests for testing accommodation and that the documentation he submitted is the type of documentation required by NBME's written procedures, but denies the remaining allegations.  NBME admits that it denied Plaintiff's requests for testing accommodations, but denies the remaining allegations in the second sentence of paragraph 4.  NBME admits that Plaintiff purports to bring this action under the Americans with Disabilities Act ("ADA"), and denies the remaining allegations in the third sentence of paragraph 4.

5.     In response to the allegations in the first sentence of paragraph 5, NBME admits that, together with the Federation of State Medical Boards, it sponsors the USMLE program, that it administers the USMLE through a third-party vendor, and that the USMLE is a series of standardized examinations that are relied upon by jurisdictions across the United States in making decisions regarding medical licensure.  NBME admits that it is required to provide reasonable testing accommodation on the USMLE to individuals with documented disabilities in accordance with 42 U.S.C. § 12189, and denies the remaining allegations in the second sentence of paragraph 5 because the references to "educational" and "professional" responsibilities are vague.  NBME denies the allegations in the third sentence of paragraph 5 given the level of generality of the allegations.

## JURISDICTION

6.     The allegations in paragraph 6 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that Plaintiff purports to assert a

claim under the Americans with Disabilities Act ("ADA") and admits that the Court has subject matter jurisdiction over Plaintiff's claim.

7.     The allegations in paragraph 7 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that the Court has jurisdiction to issue a declaratory judgment, but denies that such relief or any relief is appropriate in this case.

8.     The allegations in paragraph 8 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME denies that any acts of discrimination have occurred in this district or otherwise, and states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff's permanent residence is within this District.  NBME further states that it is not challenging venue in this action.

## PARTIES

9.     NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore denies them.

10.     NBME denies the allegations in the first sentence of paragraph 10, and states that Plaintiff requested the accommodation of extra testing time on Step 1 of the USMLE in or around February 2014.  NBME admits that it denied Plaintiff's request by letter dated June 3, 2014, and denies the remaining allegations in the second sentence of paragraph 10 because they are not an accurate characterization of NBME's June 2014 letter.

11.     NBME denies the allegation in the first sentence of paragraph 11, and states that it received a letter from attorney Mary J. Goodwin on behalf of Plaintiff dated October 9, 2015, which provided additional documentation in support of Plaintiff's request for extra time on the USMLE; and that Plaintiff separately submitted a request for extra time accommodations on Step

1 and Step 2 CK of the USMLE through a form dated October 16, 2015.  In response to the allegations in the second sentence of paragraph 11, NBME admits that it denied this request for testing accommodations by letter dated December 31, 2015.

12.     NBME admits the allegations in the first sentence of paragraph 12.  NBME admits that Plaintiff did not achieve a passing score on either of the two occasions on which he has taken the USMLE Step 1 examination.  NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12, and therefore denies them.

13.     NBME denies the allegations in paragraph 13.

14.     NBME denies the allegations in paragraph 14.

15.     NBME admits the allegations in the first sentence of paragraph 15.  In response to the allegations in the second sentence of paragraph 15, NBME admits that it provides for the administration of the USMLE, which is a series of standardized examinations that are relied upon by jurisdictions across the United States in making decisions regarding medical licensure. NBME denies the allegations in the third sentence of paragraph 15.  The allegations in the fourth sentence of paragraph 15 are legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that it is a private entity and that it offers the USMLE, which is a standardized examination related to licensing for professional purposes, and admits that it is subject to the provisions of 42 U.S.C. § 12189 with respect to the USMLE.  The allegation that NBME is subject to "the non-discrimination and reasonable accommodation requirements of the ADA and state and local disability civil rights laws" is vague, and therefore is denied.  NBME denies the remaining allegations in the fourth sentence of paragraph 15.  NBME denies the

allegations in the fifth sentence of paragraph 15, and states that the USMLE is administered through a third-party vendor throughout the United States.

## FACTUAL ALLEGATIONS

16.     NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore denies them.

17.     NBME admits that Plaintiff submitted documentation to NBME in support of his accommodation requests indicating that he has been diagnosed with a learning disability.  NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17, and therefore denies them.

18.     NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore denies them.

19.     NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies them.

20.     NBME denies the allegations in the second sentence of paragraph 20.  NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20, and therefore denies them.

21.     NBME denies the allegation in the first sentence of paragraph 21, and states that Plaintiff requested testing accommodations on Step 1 of the USMLE in or around February 2014.  NBME admits that Plaintiff submitted certain documentation in support of this request, including a personal statement, information regarding approval of past accommodation requests, and a document entitled "Comprehensive Assessment Report" signed by Denis Sukhodolsky, Ph.D. and Lesley A. Hart, Ph.D., which recommended 50% extra time for standardized

assessments.  NBME denies the remaining allegations of paragraph 21 characterizing the nature of the documentation provided, because such allegations are vague and the documentation speaks for itself.

22.     In response to the allegations in paragraph 22, NBME admits that Plaintiff is quoting from the January 2011 report, but denies the allegations in paragraph 22 to the extent that it characterizes the quoted language as a "summary" and denies the remaining allegations in paragraph 22.

23.     In response to the allegations in paragraph 23, NBME admits that it denied Plaintiff's request for accommodations on Step 1 of the USMLE by letter dated June 3, 2014, because Plaintiff's documentation did not demonstrate that he is substantially limited in a major life activity as compared to most people in the general population.  NBME also admits that it concluded that Plaintiff's documentation did not establish that he needs or is entitled to receive extended testing time on the Step 1 exam.  NBME denies the allegations in paragraph 23 to the extent that they purport to be a complete description of the reasons for NBME's denial of Plaintiff's request.

24.     NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 24.   In response to the allegations in the third sentence of paragraph 24, NBME admits that it received a letter dated October 9, 2015, from attorney Mary J. Goodwin, and that Ms. Goodwin submitted additional documentation in support of Plaintiff's testing accommodation request.

a.      In response to the allegations in the first sentence in paragraph 24(a), NBME admits that the letter from Mary Goodwin attached a report from Sara S. Sparrow,

Ph.D., of the Yale Child Study Center, dated August 18, 2003. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 24(a) and therefore denies them.  In response to the remaining allegations in paragraph 24(a), NBME admits that Plaintiff selectively quotes from the December 2002 evaluation.

b.      In response to the allegations in the first sentence in paragraph 24(b), NBME admits that the letter from Mary Goodwin attached a letter dated February 16, 2015 from Sally Shaywitz, M.D., and Sally Sherman.  In response to the remaining allegations in paragraph 24(b), NBME admits that Dr. Shaywitz recommended 50% extended time and admits that Plaintiff selectively quotes from the February 16, 2015 letter.

c.      In response to the allegations in the first sentence in paragraph 24(c), NBME admits that the letter from Mary Goodwin attached a letter dated September 28, 2015 from Phillip M. Stewart, Ph.D., who identified himself as a former teacher of Plaintiff.  In response to the remaining allegations in paragraph 24(c), NBME admits that Plaintiff selectively quotes from the September 28, 2015 letter.

d.      In response to the allegations in the first sentence in paragraph 24(d), NBME admits that the letter from Mary Goodwin attached a personal statement dated August 19, 2015, from Plaintiff, in support of his request for 50% extended time on Step 1 and Step 2 CK of the USMLE.  NBME denies the remaining allegations in the first sentence of paragraph 24(d), and denies the allegations in the second and third sentences

of paragraph 24(d).  In response to the remaining allegations in paragraph 24(d), NBME admits that Plaintiff selectively quotes from the August 19, 2015 personal statement.

     e.    In response to the allegations in the first sentence of paragraph 24(e), NBME admits that the letter from Mary Goodwin attached a letter from an individual who identified herself as Plaintiff's mother, dated August 11, 2015.  In response to the remaining allegations in paragraph 24(e), NBME admits that the August 11, 2015 letter provided information regarding Plaintiff, but denies the characterization of "Plaintiff's longstanding disabilities.".

25.    NBME does not know what Plaintiff means when he says that his documentation "substantially complied" with NBME's written accommodation policies and therefore denies that statement.  NBME admits, however, that the documentation provided by Plaintiff in support of his request for accommodations is the type of documentation called for by NBME's written accommodation policies, and denies that his supporting documentation demonstrated that Plaintiff is entitled to receive his requested testing accommodations.

26.    NBME admits the allegations in the first sentence of paragraph 26. NBME denies that the allegations in the second sentence of paragraph 26 are an accurate summary of the referenced letter.  In response to the remaining allegations in paragraph 26, NBME admits that Plaintiff has accurately quoted parts of the referenced letter.

27.    NBME admits on information and belief that the United States Department of Justice issued a press release dated February 22, 2011, concerning a settlement agreement that the United States entered into with NBME, admits that Plaintiff paraphrases the press release

describing the nature of the underlying complaint in paragraph 27, and admits that Plaintiff accurately quotes from this press release in the remaining allegations paragraph 27.

28.     NBME denies the allegations in paragraph 28.

29.     NBME admits that Plaintiff sat for the USMLE Step 1 exam on September 5, 2017, under standard time conditions, and that he did not achieve a passing score. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29, and therefore denies them.

30.     NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore denies them.

31.     NBME denies the allegations in the first sentence of paragraph 31.  For the allegations in sub-paragraphs (a)-(k), NBME denies the allegations because Plaintiff quotes accurately, but selectively and not completely, from certain ADA regulations applicable in the employment context that do not apply to NBME's review of testing accommodation requests. For the allegation in sub-paragraph (l), NBME denies that Plaintiff's quoted language is a complete and accurate recitation of the ADA regulation found at 28 C.F.R. § 36.309(b)(1)(i).

32.     In response to the allegations in paragraph 32, NBME admits that the United States Department of Justice issued a technical assistance document applicable to testing accommodation requests in 2015, but denies that the document accurately reflects the obligations that are imposed on testing entities under the ADA and the applicable ADA regulations, denies that the document was issued "prior to the Defendant's first denial of Plaintiff's request for accommodations," and denies the that the document purported to provide guidance that was applicable to "all testing entities."   In response to the allegations in subparagraphs (a)-(d),

NBME admits that Plaintiff accurately, but selectively, quotes from this technical assistance document.

33.    NBME denies the allegations in paragraph 33.

### USMLE Step 1 and Step 2 CK

34.    NBME admits that Plaintiff accurately quotes from the USMLE website (www.usmle.org) in paragraph 34.

35.    NBME admits that Plaintiff accurately quotes from the USMLE website (http://www.usmle.org/step-1/) in paragraph 35.

36.    NBME admits that Plaintiff accurately quotes from the USMLE website (http://www.usmle.org/step-2-ck/) in paragraph 36.

37.    NBME admits the allegations in the first sentence of paragraph 37.  NBME denies the allegations in the second sentence of paragraph 37 because they are not accurately stated.

38.    In response to the allegations in the second sentence of paragraph 38, NBME states that all three steps of the USMLE must be passed before a physician with an M.D. degree is eligible to apply for an unrestricted license to practice medicine in the United States.  NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 and therefore denies them.

39.    NBME admits the Plaintiff took the USMLE Step 1 exam two times under standard testing conditions and did not achieve passing scores.  NBME denies the remaining allegations in paragraph 39.

40.    NBME admits that NBME has approved 50% extra testing time for test-takers whose supporting documentation established that they have a disability within the meaning of

the ADA and that such accommodation was reasonable, and denies the remaining the allegations in paragraph 40.

41.     NBME denies the allegations in paragraph 41.

42.     NBME denies the allegations in paragraph 42.

## CLAIM

43.     NBME restates and incorporates by reference paragraphs 1-42 above.

44.     NBME denies the allegations in paragraph 44.

45.     NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, and therefore denies them.

46.     The allegations in paragraph 46 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME states that it lacks sufficient information to admit or deny the allegations in paragraph 46 and therefore denies them.

47.     NBME denies that Plaintiff has accurately cited an EEOC regulation in paragraph 47 and further denies that any EEOC regulation has any applicability to this case.

48.     The allegations in paragraph 48 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME states that it lacks sufficient information to admit or deny the allegations in paragraph 48 and therefore denies them. NBME also denies that the allegations in paragraph 48 are an accurate representation of the provision at 42 U.S.C. § 12102(4)(B).

49.     NBME admits that title III of the ADA is enforced by the U.S. Department of Justice.  NBME denies that Plaintiff accurately quotes from 42 U.S.C. § 12182(b)(2)(A)(ii) in paragraph 49 and denies that this provision is applicable to NBME.

50.     NBME denies that Plaintiff has accurately cited the regulatory provision he attempts to paraphrase and therefore denies the allegations in paragraph 50.

51.     The allegations in paragraph 51 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that it is subject to 42 U.S.C. § 12189 with respect to the USMLE, admits that it administers the USMLE through a third-party vendor, and admits that the USMLE is an examination related to licensing for professional purposes.  It denies the remaining allegations in paragraph 51.

52.     The allegations in paragraph 52 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME states that the reference to "these examinations" is vague and therefore denied, but admits that it is subject to 42 U.S.C. § 12189 with respect to the USMLE.

53.     The allegations in paragraph 53 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME denies that Plaintiff has accurately paraphrased the referenced regulation in paragraph 53.

54.     The allegations in paragraph 54 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME denies that Plaintiff has accurately paraphrased the referenced regulation in paragraph 54.

55.     NBME denies the allegations in paragraph 55.

56.     NBME denies the allegations in paragraph 56.

57.     NBME denies the allegations in paragraph 57.

58.     NBME denies the allegations in paragraph 58.

59.     NBME denies the allegations in paragraph 59.

60.     NBME denies the allegations in paragraph 60.

The remaining allegations in Plaintiff's complaint constitute a prayer for relief to which no response is required, but NBME denies that Plaintiff is entitled to the relief requested or to any relief.

**All allegations not specifically admitted herein are denied.**

**AFFIRMATIVE DEFENSES**

1.      The Court lacks subject matter jurisdiction over Plaintiff's claim on the grounds of mootness and/or lack of ripeness.

2.      Plaintiff's claim is barred by the statute of limitations to the extent that his request for relief is based on any actions by NBME taken outside the limitations period.

NBME presently has insufficient knowledge or information on which to form a belief as to whether it may have any additional affirmative defenses available.  NBME reserves the right to assert additional affirmative defenses in the event discovery, further analysis, or future events indicate that additional unknown or unstated defenses are applicable

WHEREFORE, NBME prays for judgment as follows:

1.      That Plaintiff take nothing and be denied all relief requested in his Complaint;

2.      That Plaintiff's Complaint be dismissed with prejudice on the merits;

3.      That NBME recover its fees and costs incurred herein; and

4.      That NBME be awarded such other and further relief as the Court deems just and proper.

DATED:  April 12, 2018

Respectfully submitted,


/s/ Marcy Tench Stovall
Marcy Tench Stovall ct14238
Pullman & Comley LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006
mstovall@pullcom.com
Telephone:  203-330-2104

Attorneys for National Board of Medical
Examiners

**<u>CERTIFICATION</u>**

I hereby certify that on this date, a copy of the foregoing was filed electronically. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated at Bridgeport, Connecticut this 12th day of April 2018.

/s/Marcy Tench Stovall
Marcy Tench Stovall (ct14238)