UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------------x

N.L.,

                 Plaintiff,

    v.

NATIONAL BOARD OF MEDICAL EXAMINERS,

                                 Case No.: 3:18-cv-455-AWT

                 Defendant.                      April 26, 2018

------------------------------------------------------------------------x

**PLAINTIFF'S REPLY TO DEFENDANT'S AMENDED OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**

Plaintiff N.L. files this brief reply to Defendant's opposition to his motion to proceed under pseudonym (ECF No. 16) ("Def. Mem."). For the reasons stated below and in Plaintiff's motion and memorandum (ECF No. 2), Plaintiff respectfully requests that this Court permit Plaintiff to proceed under pseudonym.

Defendant cites to resources stating that millions of Americans (approximately fifteen to twenty percent of the American population) have learning disabilities and argues that Plaintiff N.L. should be forced to proceed under pseudonym because there are "dozens" of cases where Plaintiffs have sued under their actual names. Defendant's argument lacks merit because most individuals with disabilities who are victims of discrimination never seek redress in a court of law because they fear well-known and accepted societal stigmas that can have lasting professional consequences.

When Congress amended the Americans with Disabilities Act in 2008 (well after many of the "dozens" of cases that Defendant loosely referenced, and well before the proliferation of

social media), it found that many people with disabilities such as N.L. have been precluded from fully participating in all aspects of society and that "others who have a record of a disability or are regarded as having a disability also have been subjected to discrimination… census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally." 42 U.S.C.A. § 12101(a)(1),(6).

After graduation from medical school, Plaintiff N.L.'s next step will be to apply to hospital residencies and these employers are known to conduct thorough background searches that would, almost certainly, reveal a disability civil rights action filed under an applicant's full name. The Americans with Disabilities Act prohibits employers from making inquiries about disabilities prior to employment because, again, it is well known and commonly accepted that knowledge of an applicant's disability can result in disability discrimination in the form of lost employment opportunities across professions, including medicine. *For more information, see* https://www.eeoc.gov/facts/jobapplicant.html#potential. Indeed, requiring N.L. to proceed under his full name would deny him the protections of the law.

We wish to reiterate that all those to whom Plaintiff N.L. has disclosed his disabilities thus far are either close family and friends, or testing companies, academic institutions, doctors, attorneys, and enforcement agencies that have a legal obligation to keep the existence and nature of his learning disabilities confidential. Plaintiff is a private person and, unlike most individuals his age, he does not even maintain an active social media presence.

As stated in Plaintiff's motion and memorandum, the Second Circuit has long held that it is within a district court's discretion to determine whether a party to a civil complaint should be permitted to proceed under pseudonym. Other jurisdictions have agreed. See, for example, J.C.

v. Rowan University School of Osteopathic Medicine, *et al*., Civ. No. 17-2778-RBK-KMW (D.N.J. Oct. 3, 2017).   Plaintiff N.L. has clearly satisfied all of the established factors that support pseudonym filing.

### Conclusion

Any factors militating against the use of a pseudonym are very weak when compared to the factors supporting Plaintiff's request.  For the foregoing reasons, Plaintiff respectfully requests that his motion to proceed under pseudonym be granted by the Court.

Dated:  April 26, 2018

              /s/

              Nancy B. Alisberg
              CT 21321
              Disability Rights Connecticut, Inc.,
              846 Wethersfield Avenue
              Hartford, CT 06114
              Tel: 860.990.0175
              Fax: 860-296-0055
              nancy.alisberg@disabilityrightsct.org

### CERTIFICATE OF SERVICE

I, Nancy B. Alisberg, hereby certify that Plaintiff's Reply to Defendant's Amended Opposition to Plaintiff's Motion to Proceed Under Pseudonym filed through the CM/ECF system will be sent electronically to the registered participants as identified on the CEF (CEF) on April 26, 2018

        By:

         /s/ Nancy B. Alisberg

        Nancy B. Alisberg
        Fed. Bar No. CT 21321