UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------------x

**N.L.,**

                Plaintiff,

    v.

**NATIONAL BOARD OF MEDICAL EXAMINERS,**

                                                                Case No.: 3:18-cv-455-AWT

                Defendant.                           May 24, 2018

------------------------------------------------------------------------x

**JOINT REPORT OF PARTIES' PLANNING MEETING
PURSUANT TO LOCAL RULE 26(f)**

1. Date Complaint Filed: March 16, 2018
2. Date Complaint Served: March 22, 2018
3. Date of Defendant's Appearance: April 12, 2018

Pursuant to Fed. R. Civ. P. 16(b) and 26(f) and Local Rules 16 and 26(f), a conference was held on May 11, 2018, by telephone, with prior electronic communications in April and May 2018. The participants included Nancy B. Alisberg, Jo Anne Simon, and Mary J. Goodwin-Oquendo for Plaintiff and Robert Burgoyne and Marcy Stovall for Defendant. As a result of the foregoing conference and communications, the parties submit the following Rule 26(f) Report of Parties' Planning Meeting.

    **I.   Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

    **II.  Jurisdiction**
          1.   Subject matter jurisdiction:

               Subject matter jurisdiction is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the laws of the United States, and 28 U.S.C. § 1343(a)(4), which gives district courts jurisdiction over actions to secure equitable relief under any

Act of Congress providing for the protection of civil rights. Plaintiffs' claims arise under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C §§ 12181-89. Subject matter jurisdiction is not contested.

2. Personal jurisdiction:

Personal jurisdiction is not contested.

### III. Brief Description of the Case:

A. Claims of the Plaintiff:

Plaintiff alleges that Defendant has discriminated against him on the basis of his disabilities under Title III of the ADA by denying him the extended time accommodations necessary for equal access and equal opportunity to participate and benefit from the USMLE. Consequently, Plaintiffs seek a declaratory judgment against Defendants, injunctive relief, and an award of reasonable costs, and attorneys' fees.

B. Defenses and Claims of the Defendants:

Defendant denies that the documentation provided to defendant in support of Plaintiff's request for accommodations on the USMLE Step 1 exam established that Plaintiff is disabled within the meaning of the ADA; denies that it has engaged in any discriminatory practices; and further denies that it has failed to comply with the requirements of Title III of the ADA.

### IV. Statement of Undisputed Facts:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed at this time:

1. Plaintiff is a 31-year-old resident of North Haven, Connecticut.

2. Plaintiff commenced his medical education at Yale School of Medicine ("Yale")

in 2012.

3. According to Plaintiff, he has completed all requirements for graduation from

Yale University School of Medicine, except completion of the USMLE.

4. The United States Medical Licensing Examination (USMLE) is a three-step

examination for medical licensure in the United States, sponsored by the National Board of

Medical Examiners and the Federation of State Medical Boards.

5. The USMLE is comprised of the Step 1 examination, the Step 2 Clinical Knowledge examination (Step 2 CK) examination, the Step 2 Clinical Skills examination (Step 2 CS), and the Step 3 examination.

6. According to NBME, the purpose of the USMLE is to assess a physician's ability to apply knowledge, concepts, and principles, and to demonstrate fundamental patient-centered skills, that are important in health and disease and that constitute the basis of safe and effective patient care.

7. NBME has denied Plaintiff's requests for extended time accommodations on the USMLE Step 1 and Step 2 CK examinations and has asserted that the documentation provided by Plaintiff to NBME does not support a finding that he is disabled within the meaning of the ADA

8. In denying Plaintiff's requests for extended time accommodations on the USMLE Step 1 and Step 2 CK examinations, NBME relied upon input received from one or more external professionals.

9. Plaintiff has taken the USMLE Step 1 examination twice and the USMLE Step 2 CK examination once, each time without accommodations, and he did not achieve passing scores on those administrations.

10. Plaintiff has taken the Step 2 CS examination once, without accommodations, and achieved a passing score.

11. According to documentation provided by Plaintiff to the NBME in support of his accommodation requests, Plaintiff underwent his first formal psychoeducational evaluation in 2002.

12. According to documentation provided by Plaintiff to the NBME in support of his

accommodation requests, multiple professionals have diagnosed Plaintiff with learning disabilities.

13. According to documentation provided by Plaintiff to the NBME in support of his accommodation requests, Plaintiff's clinicians have recommended extended time testing accommodations for Plaintiff.

14. According to documentation provided by Plaintiff to the NBME in support of his accommodation requests, Plaintiff first received extended test time as an accommodation in high school.

15. According to documentation provided by Plaintiff to the NBME in support of his accommodation requests, Plaintiff received a "non-standard administration" for the college admissions exam offered by the College Board (the SAT).  According to Plaintiff, this non-standard accommodation included a 50% extended time accommodation.

16. According to documentation provided by Plaintiff to the NBME, Plaintiff received 25% additional testing time on the Medical College Admission Test (MCAT).

**V.  Case Management Plan**

A.  Initial Disclosures

Initial disclosures will be served by June 15, 2018.

B.  Scheduling Conference

The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C.  Standing Order on Scheduling Civil Cases:

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

1. Discovery will be completed in accordance with Section V.F below.

    2.    Dispositive motions will be filed in accordance with Section V.G below.

D. Early Settlement Conference:

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement may be enhanced by an early settlement conference and/or mediation.
2. The parties have accepted the Court's invitation to have an early settlement conference.

E. Joinder of Parties and Amendment of Pleadings:

1. Plaintiffs should be allowed until June 15, 2018 to file motions to join additional parties and to amend the pleadings.
2. Defendants should be allowed until June 15, 2018 to file motions to join additional parties and until July 16, 2018, to file a response to the amended complaint, if any.

F. Discovery:

1. The parties anticipate that discovery will be needed on the following subjects in this case:
   a. The manner in which plaintiff has been diagnosed as having an impairment that is the basis for his request for accommodations on the USMLE Step 1 exam.
   b. Whether any such diagnosis was consistent with generally accepted professional diagnostic standards and criteria.
   c. The nature and impact of any limitations caused by Plaintiff's diagnosed impairments.
   d. Plaintiff's history of receiving accommodations, including extended time.
   e. Plaintiff's current need for extended time accommodations.
   f. Plaintiff's academic history.
   g. Whether plaintiff has received accommodations in any context other than test taking.
   h. Plaintiff's performance on and experience taking USMLE Step 1, Step 2CS and Step 2CK.
   i. The knowledge and skills the USMLE is purported to test.
   j. The clinical qualifications of any staff member or external professionals who reviewed the Plaintiff's requests for accommodations.
   k. The approaches and/or method of review that any external reviewer used in conducting his or her review of the documentation.
   l. The opinions and/or recommendations made by external professionals in connection with Plaintiff's requests for accommodations.
   m. Such additional subjects as may become apparent during the course of discovery.

2. The parties do not anticipate any changes in the timing, form, or requirement for disclosures under Rule 26(a), and will exchange by June 15, 2018, the information required by Fed.R.Civ.P. 26(a)(1).

5

3. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26 (b)(4), may be commenced forthwith and will be completed (not propounded) by January 31, 2019.
4. Discovery will not be conducted in phases.
5. The parties do not presently anticipate that any changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or this Court's Local Rules.  Depositions will be completed by January 31, 2019.
6. Plaintiff intends to call expert witnesses at the time of trial, if summary judgment has not been granted in the case. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26 (a)(2) by November 30, 2018. Depositions of any such experts will occur by _December 31, 2018.
7. The Defendant intends to call expert witnesses at the time of trial, if summary judgment has not been granted in the case. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26 (a)(2) by December 31, 2018. Depositions of any such experts will occur by January 31, 2019.
8. The parties have not agreed upon, but will discuss further, a procedure to govern the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

    Plaintiff has proposed the following procedure to govern the disclosure and preservation of electronically stored information:

    a. The parties acknowledge their mutual obligation to preserve all information potentially relevant to the claims in this litigation, including all electronically stored information.
    b. The parties agree to determine, in advance, which responsive electronically stored information ("ESI") including, without limitation, file transfer data and other potential evidence of server breaches, needs to be produced in a mutually agreeable electronic format (with the associated metadata included) and which can be produced in hardcopy.
    c. The parties further agree to make every effort to avoid engaging in inefficient and unnecessarily costly electronic discovery.

    The foregoing proposal will be discussed by the parties at a later date.

9. The parties have agreed to the following discovery procedures for the minimization of the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production:

    a. Any privileged information that is inadvertently disclosed by a party shall be promptly returned to the disclosing party or formally segregated from the other discovery documents and cannot be used by the recipient for any purpose, pending further order of the Court.

    b. Any party may file a motion with the Court to determine whether privileged information which is inadvertently disclosed may be used by the recipient or should be returned or destroyed. Any party may also file a motion with the Court for a protective or confidentiality order.

10. The parties have not agreed upon, but will discuss further, a procedure to govern the designation and production of confidential documents. If agreement is reached at a later date, the parties may prepare and submit a proposed Protective Order Governing Discovery in this matter pursuant to Fed.R.Civ.P. 26(c).

The foregoing proposal has been accepted by the parties.

    G. Dispositive Motions:

    Dispositive motions will be filed by April 30, 2019.

    H. Joint Trial Memorandum:

The joint trial memorandum required by the Standing Order on Trial Memorandum in Civil Cases will be filed no later than 30 days following the Court's ruling on the last outstanding Dispositive Motion.

**VI. Trial Readiness**.

The case shall be ready for trial 30 days following the filing of the Joint Trial Memorandum required by the Standing Orders on Trial Memorandum in Civil Cases.

Dated:  May 24, 2018

                                            Plaintiff: N.L.

                                            By:      /s/  Nancy B. Alisberg_____
                                                        NANCY B. ALISBERG
                                                        Fed. Bar No. CT21321
                                                        Disability Rights Connecticut
                                                        846 Wethersfield Avenue
                                                        Hartford, CT  06114
                                                        (860) 990-0175
                                                        (f) (860) 296-0055
                                                         nancy.alisberg@disrightsct.org

        Defendant: National Board of Medical Examiners

        By:       /s/   Mary Tench Stovall
                Marcy Tench Stovall
                Fed. Bar No. CT ct14238
                Pullman & Comley LLC
                850 Main Street
                P.O. Box 7006
                Bridgeport, CT 06601
                mstovall@pullcom.com
                Telephone:  203-330-2104

**CERTIFICATE OF SERVICE**

I, Nancy B. Alisberg, hereby certify that the Joint Report of Parties' Planning Meeting Pursuant to Local Rule 26(f) was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the CEF (CEF) on May 24, 2018

        By:

        /s/ Nancy B. Alisberg

        Nancy B. Alisberg
        Fed. Bar No. CT 21321